
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KS RESOURCES LIMITED, a Chinese corporation; K & S INTERNATIONAL SINGAPORE PTE LTD, a Singapore corporation, | No. 12-55962 |
| | D.C. No. 2:11-cv-01517-JHN-JCG |
| Plaintiffs - Appellees, | |
| v. | MEMORANDUM* |
| A.W.L.I. GROUP OF FLORIDA, INC., dba Amber Worldwide Logistics, | |
| Defendant-third-party- plaintiff - Appellee, | |
| V. | |
| AGX LINES LIMITED, | |
| Third-party-defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. NGUYEN, District Judge, Presiding

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted April 9, 2014[**]
Pasadena, California

Before: FARRIS and HURWITZ, Circuit Judges, and FRIEDMAN, Senior District Judge.[***]

AGX Lines Limited (AGX) appeals a district court judgment holding that AGX was not the assignee of certain claims against Amber Worldwide Logistics (AWLI). AGX also appeals the district court's determination, pursuant to California Code of Civil Procedure § 877.6, that a settlement between AWLI and KS was made in good faith. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

**1.** The district court did not err in finding that an agreement settling litigation between KS Resources Limited and K&S International (collectively, KS) and AGX did not assign to AGX any claims KS had against AWLI. The language of the settlement agreements between KS and AGX was ambiguous. The court thus properly considered extrinsic evidence and appropriately determined that KS's claims against AWLI were not included in the agreements' assignment of claims. *See L.K. Comstock & Co. v. United Eng'rs & Constructors*, 880 F.2d 219, 221 (9th Cir. 1989) ("[I]f the district court relies upon extrinsic evidence to interpret an ambiguous contract, that

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Paul L. Friedman, Senior District Judge for the U.S. District Court for the District of Columbia, sitting by designation.

interpretation is a factual determination reversible only if the district court's construction is clearly erroneous or if the court applied an incorrect legal standard.") (internal quotation marks omitted).

**2.** A district court's determination that a settlement was made in good faith under California Code of Civil Procedure § 877.6 is reviewed for abuse of discretion. *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011). AGX had the burden to prove that the settlement between KS and AWLI was not made in good faith. *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 698 P.2d 159, 162 (Cal. 1985). To determine whether a settlement has been made in good faith, California courts consider whether there was "collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants." *Id.* at 166-67. The district court did not abuse its discretion in determining that the settlement between AWLI and KS satisfied § 877.6, because AGX did not establish either collusion, fraud, or tortious intent to injure its interests.

**3.** AGX also argues that because KS had claimed in its complaint against AWLI that its damages exceeded $1,000,000, the settlement agreement, which only required that AWLI pay $325,000, was not made in good faith. In rejecting that argument, the district court found that AGX had not met its burden of showing that AWLI's liability exceeded the settlement amount, and recognized that a settlor will

3

typically pay less in settlement than the total amount sought. *See id.* at 166 (holding that "the intent and policies underlying section 877.6 require that a number of factors be taken into account including a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement . . . and a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial"). The district court was well within its discretion in concluding that the settlement amount did not indicate a lack of good faith.

**AFFIRMED.**